IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TONY BISHOP, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:08-cv-995-TFM |
| ) | |
| HOLLOWAY CREDIT ) | |
| SOLUTIONS, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This action is assigned to the undersigned magistrate judge to conduct all proceedings and order entry of judgment by consent of all the parties (Docs. ## 14-15, filed January 14, 2009) and 28 U.S.C. § 636(c). Pending before the Court is *Plaintiffs' Opposition to Defendants' Notice of Removal and Motion to Remand* (Doc. # 5, filed January 6, 2009), *Defendants' Response to Plaintiffs' Motion to Remand* (Doc. # 18, filed January 30, 2009), *Plaintiff's Response to Defendants' Response to Plaintiffs' Motion to Remand* (Doc. # 19, filed February 6, 2009), and *Defendants' Reply to Plaintiffs' Response to Defendants' Response to Plaintiff's Motion to Remand* (Doc. # 22, filed February 13, 2009). Upon consideration of the motion to remand and the arguments of the parties, the court concludes that the motion is due to be GRANTED.

**I.  BACKGROUND**

In an amended complaint filed in an action then pending in the Circuit Court of Tallapoosa County, Plaintiffs Tony and Wendy Bishop assert claims against Holloway Credit

Solutions, LLC and John M. Holloway ("the Holloway defendants") and Russell Medical Center ("Russell").[1]  Plaintiffs allege that a different Tony Bishop ("Uncle Tony") – not the plaintiff – incurred a debt for medical treatment at Russell.  According to Plaintiffs, Nell Lloyd (credit counselor at Russell) verified that Uncle Tony's street address was 740 Hillabee Street, Alexander City, Alabama.  This was not Uncle Tony's address, but was the address for property then owned by Plaintiffs.  After Lloyd's debt collection efforts were unsuccessful, the Holloway defendants pursued debt collection activities on behalf of Russell against Uncle Tony, using the incorrect address provided by Nell Lloyd.  The Holloway defendants were also unsuccessful and, in 2003, Russell filed suit in the District Court of Tallapoosa County against Uncle Tony, again using the plaintiffs' address.

According to the state court complaint, Russell obtained a default judgment against Uncle Tony and recorded it in the Tallapoosa County Probate Office as a judgment against "Tony Bishop, 740 Hillabee Street, Alexander City, Alabama 35010."  The judgment created a lien against Plaintiffs' property.  Plaintiffs allege that they learned of the judgment when, in March 2005, they were denied a loan because of the outstanding judgment.  They further allege that the delay of their loan application required them to file for Chapter 7 bankruptcy protection.

---

[1] Plaintiffs have now filed an amended complaint in this court which omits some of the allegations on which Defendants based their removal. (*See* Doc. # 23).  However, in resolving the issue of removal jurisdiction, the court considers the allegations of the complaint at the time of removal – in this case, the August 2008 amendment in the state court. *See Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1306 n. 1 (11th Cir. 2001)("For purposes of considering the specific jurisdictional question before us, we consider only the original complaint, however, because the question of diversity subject matter jurisdiction is determined on the plaintiff's pleadings at the time of removal.")(citations omitted).  In this memorandum opinion and order, the court's references to the "state court complaint" are to the complaint as amended in state court before removal.

The amended state court complaint added the Holloway defendants as parties[2] and was served on them by certified mail on November 20, 2008.  (Notice of Removal, ¶ 4).  On December 16, 2008, the defendants removed the action to this court pursuant to 28 U.S.C. § 1331, alleging federal question jurisdiction.

## II.   STANDARD OF REVIEW

Federal courts have a strict duty to exercise jurisdiction conferred on them by Congress.  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S.Ct. 1712, 1720, 135 L.Ed.2d 1 (1996).  However, federal courts are courts of limited jurisdiction and possesses only that power authorized by Constitution and statute.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994).  Defendants, as the parties removing this action, have the burden of establishing federal jurisdiction.  *See Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)).  Further, the federal removal statutes must be construed narrowly and doubts about removal must be resolved in favor of remand.  *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (citations omitted).

## III.   DISCUSSION

In their notice of removal, Defendants acknowledge that Plaintiffs' state court complaint does not expressly invoke federal law.  (Notice of Removal, ¶ 10).  However, they

---

[2] The Holloway defendants were sued in the original complaint, but had been dismissed as defendants by subsequent order of the Circuit Court.

contend that the claims asserted in the state court complaint are preempted by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.  Defendants note:

> In paragraph 15 of the said amendment, Plaintiffs allege that Russell Hospital failed to take certain action in regard to the Plaintiffs' "credit worthiness", including notifying [the] lending institution and "credit reporting agencies Equifax, Experian, Transunion of the erroneous information being reported to all inquiries as to the credit worthiness of Plaintiffs Tony Bishop and Wendy Bishop." The obligation of creditors in regard to the furnishing of information to credit reporting agencies is addressed and preempted by the FCRA, particularly 15 USC § 1681s-2.

(Notice of Removal, ¶ 11).[3]  Defendants contend that Plaintiffs' "cause of action, if any, is preempted by the FCRA and will require resolution of one or more substantial questions of federal law in dispute between the parties."  (*Id*., ¶ 12).

Plaintiffs do not challenge removal on procedural grounds.  Instead, they contend that subject matter jurisdiction is lacking.  (*See* Motion to Remand, Doc. # 5).  Plaintiffs assert

---

[3] In the state court complaint, Plaintiffs make the following allegations:

> 15. The Plaintiffs aver that the Defendants were negligent in obtaining, maintaining, and/or verifying the patient information and billing records of Plaintiff Tony Bishop from that of debtor Tony Bishop. The Defendants were negligent in securing and recording a judgment against Plaintiffs Tony Bishop and Wendy Bishop, thereby placing a lien against all real property owned by Plaintiffs Tony and Wendy Bishop.
>
> 15(a). Furthermore, Plaintiffs allege that upon actual notice of the error by Plaintiff Tony Bishop to a representative of RMC that RMC and Holloway failed to assist Plaintiffs Tony and Wendy Bishop in the removal of the judgment secured against the Plaintiffs['] property; failed to notify the lending institution of the credit worthiness of the Plaintiffs in order for them to be able to secure a timely loan; *and further, failed to notify credit reporting agencies Equifax, Experian, and TransUnion of the erroneous information being reported to all inquiries as to the credit worthiness of Plaintiffs Tony Bishop and Wendy Bishop*[.]

(State Court Complaint, ¶¶ 15, 15(a))(emphasis added).

that there is no diversity of citizenship[4] and that the state court complaint brings only state law claims of negligence, wantonness, breach of contract, and slander of title against the defendants. Plaintiffs argue that they have not made any allegation that any of the defendants "accessed, reported or transferred any information under the Fair Credit Reporting Act (FCRA)" or that "any of the Defendants furnished or disseminated information as a creditor to a consumer reporting agency." (*Id.*, ¶¶ 15, 16).

> Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendants. Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.
>
> . . . [A] case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392-93, 107 S.Ct. 2425, 2429-2430, 96 L.Ed.2d 318 (1987) (citations and footnotes omitted) (emphasis in original). "[A]n 'independent corollary' to the well-pleaded complaint rule is the further principle that 'a plaintiff may not defeat removal by omitting to plead necessary federal questions. If a court concludes that a plaintiff has 'artfully pleaded' claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." *Rivet v. Regions Bank*, 522 U.S. 470, 475, 118 S.Ct. 921, 925, 139 L.Ed.2d 912 (1998) (citation omitted). Where the complaint, on its face, brings causes of action created under state law, "original federal

---

[4] Defendants do not contend that this court has diversity jurisdiction.

jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law." *Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 13, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983). Thus, the "artful pleading" doctrine allows removal where: (1) a well-pleaded complaint establishes that a plaintiff's right to relief under state law "requires resolution of a substantial question of federal law in dispute between the parties" (*id.*) or (2) "where federal law completely preempts a plaintiff's state law claim" (*Rivet*, 522 U.S. at 475, 118 S.Ct. at 925). Defendants contend that one or more of Plaintiffs' state law claims is preempted by the FCRA. (Doc. # 18, p. 4; Doc. # 1, ¶¶ 10-12). While this may be correct, ordinary defensive preemption – as opposed to complete preemption – does not provide a basis for removal. *See Cotton v. Massachusetts Mutual Life. Ins. Co.*, 402 F.3d 1267, 1281 (11th Cir. 2005) ("[B]ecause the original complaint asserted only state-law claims, this case . . . does not arise under federal law under the ordinary operation of the well-pleaded complaint rule. Therefore, if the case arises under federal law, it must be because it falls within the special category of federal question jurisdiction created by the doctrine of complete preemption."); *BLAB T.V. of Mobile, Inc. v. Comcast Cable Communications, Inc.*, 182 F.3d 851, 855 (11th Cir. 1999) ("Stated simply, complete preemption functions as a narrowly drawn means of assessing federal removal jurisdiction, while ordinary preemption operates to dismiss state claims on the merits and may be invoked in either federal or state court."). The FCRA does not "completely" preempt state law as to all matters within the scope of the FCRA. *Watkins v. TransUnion, L.L.C.*, 118 F.Supp.2d

1217 (N.D. Ala. 2000) (finding no Congressional intent in FCRA to "grant defendants . . . the extraordinary ability to recharacterize state law claims as a federal cause of action"); *King v. Retailers Nat. Bank*, 388 F.Supp.2d 913 (N.D. Ill. 2005) ("Because the FCRA grants concurrent jurisdiction, the Court would be hard-pressed to conclude that Congress intended for the FCRA to replace all state claims or [to] . . . allow for removal based on complete preemption."); *cf.* 15 U.S.C. § 1681t(a)(state laws "with respect to the collection, distribution, or use of any information on consumers" are enforceable, "except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency"); 15 U.S.C. § 1681h(e)(allowing state claims, in certain circumstances, when plaintiff alleges malice or intent to injure the consumer); *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 698, 126 S.Ct. 2121, 2135, 165 L.Ed.2d 131 (2006) ("[E]ven if [the Federal Employee Health Benefit Act's] preemption provision reaches contract-based reimbursement claims, that provision is not sufficiently broad to confer federal jurisdiction. If Congress intends a preemption instruction completely to displace ordinarily applicable state law, and to confer federal jurisdiction thereby, it may be expected to make that atypical intention clear. Congress has not done so here. Section 8902(m)(1)'s text does not purport to render inoperative *any and all* State laws that in some way bear on federal employee-benefit plans.") (citations omitted) (emphasis in original). Accordingly, the preemptive effect of FCRA on Plaintiffs' state law claims does not provide a basis for removal jurisdiction.

Defendants further contend that removal was proper because rights and duties created under the FCRA "must be interpreted for the Plaintiffs to prevail." (Doc. # 18, p. 4). To

support removal under the "substantial-federal-question jurisdiction doctrine," the state law claim must "'necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities[.]'" *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008) (quoting *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 314, 125 S.Ct. 2363, 2368, 162 L.Ed.2d 257 (2005)). The *Grable* test permits removal in only a "'slim category'" of cases. *Id.* at 1296 (quoting *Empire Healthchoice*, 547 U.S. at 701, 126 S.Ct. at 2137).

In *Grable* – a case in which the Supreme Court found removal to be supported by the presence of a substantial federal issue – "the dispute . . . centered on the action of a federal agency (IRS) and its compatibility with a federal statute." *Empire Healthchoice,* 547 U.S. at 700, 126 S.Ct. at 2137. Additionally, the federal issue presented in *Grable* was "both dispositive of the case and would be controlling in numerous other cases." *Id.* The present case, in contrast, implicates the actions only of private parties. Additionally, Plaintiffs' claims do not depend solely – or even primarily – on Defendants' breach of a duty to contact credit reporting agencies, as alleged in paragraph 15(a) of the state court complaint. Defendants argue that the duty of a creditor to provide information to credit reporting agencies arises, if at all, under the FCRA. Even if this is so, resolution of the FCRA issue is not dispositive of the case. Plaintiffs complain of Defendants' alleged negligence in initially failing to verify the proper address for Uncle Tony before pursuing judgment in state court and before recording the default judgment using Plaintiffs' address, thereby imposing a lien on Plaintiffs' property. It is this failure which is alleged to have resulted in the denial

of a loan. (State Court Complaint, ¶¶ 11-12) ("Plaintiffs . . . were denied the loan because of the outstanding judgment."). Thus, Plaintiffs' claims allege a breach of duty that may be determined without reference to federal law. Additionally, the alleged breach of the additional duty arising under the FCRA is also premised on Defendants' asserted initial negligence in failing to verify Uncle Tony's address; Plaintiffs expressly allege that Defendants failed to take specific actions "upon actual notice of the error." (*Id.*, ¶ 15(a)). The court concludes that the federal issue presented by the allegations set forth in paragraph 15(a) is not sufficiently "substantial" to give rise to removal jurisdiction. *Cf. Willy v. Coastal Corp.*, 855 F.2d 1160, 1170 (5th Cir. 1988) (finding that plaintiff's wrongful termination claim did not arise under federal law where it was "supported by alternate theories, first that his discharge was wrongful because it was on account of his attempt to cause employer compliance with or refusal to violate federal law, and second that it was wrongful because it was on account of his attempt to cause his employer compliance with or refusal to violate state law"); *id.* at 1171 ("Our conclusion [that the claim does not arise under federal law] is strengthened by our view that the federal issues in Willy's claim are not ones in the forefront of the case, but are more collateral in nature, and are not substantial in relation to the claim as a whole, which is in essence one under state law.").

Additionally – assuming that Defendants are correct that FCRA preempts this portion of Plaintiffs' negligence and wantonness claims – Defendants' duties would be governed by 15 U.S.C. § 1681s-2(a)(8), which pertains to the obligations of a furnisher of information

upon direct notice by the consumer about inaccuracies in a consumer credit report.[5] The obligations included in § 1681s-2(a) do not give rise to a private cause of action. 15 U.S.C. § 1681s-2(c)(1); *Knudson v. Wachovia Bank*, 513 F.Supp.2d 1255, 1260-61 (M.D. Ala. 2007); *Yelder v. Credit Bureau of Montgomery, L.L.C.*, 131 F.Supp.2d 1275, 1283 (M.D. Ala. 2001); *cf. Steed v. EverHome Mortgage Co.*, 2009 WL 139507, 3 (11th Cir. Jan 21, 2009) (unpublished opinion) (no private right of action for violations of §§ 1681s-2(a)(1)(A) or 1681s-2(a)(7)(A)(I)); *Green v. RBS Nat. Bank*, 288 Fed. Appx. 641 (11th Cir. Aug. 4, 2008), *cert. denied*, 129 S.Ct. 929 (2009)(no private right of action against furnisher of information under § 1681s-2(a) for allegedly tendering false information to credit reporting agency). The absence of a federal private right of action is "'not dispositive of' congressional judgment concerning the proper balance between state and federal jurisdiction." *Adventure Outdoors*, 552 F.3d at 1296 (citation omitted). However, it is a relevant consideration (*id.*) and further supports the court's conclusion that the federal issue presented by Plaintiffs' state court complaint does not bring this case within the "slim category" of cases exemplified by *Grable* and does not, therefore, provide a basis for removal. *See Empire Healthcare*, 547 U.S. at 701, 126 S.Ct. at 2137 ("*Grable* emphasized that it takes more than a federal element 'to open the "arising under" door.'").

### IV.   CONCLUSION

For the foregoing reasons, it is **ORDERED** that Plaintiffs' motion to remand (Doc.

---

[5] 15 U.S.C. 1681s-2(b) pertains to the duties of furnishers of information upon notice of a dispute from a consumer reporting agency. Plaintiffs do not allege that they contacted a consumer reporting agency regarding the inaccuracy, or that any such agency notified Defendants of the dispute pursuant to 15 U.S.C. § 1681i(a)(2) as required to trigger the duties set forth in § 1681s-2(b).

# 5) is **GRANTED**, and this action is **REMANDED** to the Circuit Court of Tallapoosa County, Alabama, pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. Any other pending motions are left for resolution by the Circuit Court of Tallapoosa County, Alabama. The Clerk is **DIRECTED** to take appropriate steps to promptly effect the remand.

DONE this 27th day of February, 2009.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE